UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | |
|---|---|
| **CHRISTOPHER WISCHER**<br><br>　　Petitioner,<br><br>v.<br><br>**WARDEN SCOTT JORDAN**<br><br>　　Respondent. | **CIVIL ACTION NO. 20-8-KKC-CJS**<br><br><br>**REPORT AND RECOMMENDATION** |

Christopher Wischer, proceeding *pro se*, brings a single claim for habeas relief under 28 U.S.C. § 2254. (R. 1). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). *See also* Rule 10 of the Rules Governing § 2254 Cases ("A magistrate judge may perform the duties of a district judge under these rules, as authorized by 28 U.S.C. § 636."). After conducting a preliminary review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court" because Wischer's § 2254 petition is untimely. Accordingly, it will be recommended that Wischer's § 2254 petition be **dismissed**.[1]

### I.　FACTUAL AND PROCEDURAL BACKGROUND

Wischer pled guilty in the Kenton County, Kentucky, Circuit Court to second-degree rape, in violation of Kentucky Revised Statute § 510.050.[2] (*See* R. 1, Page ID 1). The state court

---

[1] This Report and Recommendation provides Wischer notice that his petition appears to be time-barred and that the objection period explained at the end of this Report and Recommendation gives him the opportunity to present his position on the issue. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

[2] Some of the information in this section comes from the Kenton Circuit Court docket in Wischer's underlying criminal case, 12-CR-00528, which was obtained using CourtNet 2.0. *See Johnson v. Michigan*,

sentenced him to eight years in prison on January 18, 2013.[3] (*See id.*). Wischer did not appeal. However, he filed two state post-conviction motions: (1) a motion to vacate, set aside or correct sentence under Kentucky Rule of Criminal Procedure ("RCr") 11.42; and (2) a motion for relief from judgment under Kentucky Civil Rule ("CR") 60.02. (*See id.* at 6). Wischer does not know the dates that these motions were denied (*see id.*); however, the Kenton Circuit Court docket appears to show that the motions were denied by November 12, 2016, at the latest.[4] Wischer states that he did not appeal either denial. (*See id.*). On January 15, 2020,[5] Wischer filed this § 2254 petition,[6] arguing that he received ineffective assistance of counsel.

---

No. 2:16-CV-13215, 2016 WL 5791453, at *1 n.1 (E.D. Mich. Oct. 4, 2016) (taking judicial notice of information from another court's website in § 2254 case).

[3] While Wischer's sentencing hearing occurred on January 14, 2013, judgment was not entered until January 18, 2013. This distinction is important for calculating the timeliness of Wischer's petition.

[4] The Kenton Circuit Court docket sheet notes on November 12, 2016, "ORDER DENYING entered on 11/12/2016 MT TO PROC INFORMA, AMEND SENT, VAC. SENT, RELIEF, DISM, CORRECT." An earlier entry on February 1, 2016 notes, "ORDER DENYING entered on 02/01/2016 MOT TO VACATE, SET ASIDE OR CORRECT PLEA. MOT FOR MOD. OF SENT. & MOT TO PROCEED INFORMA PAUPERIS." No other entries after these dates implicate Wischer's two post-conviction motions.

[5] Although a petitioner can take advantage of the prison mailbox rule, which deems a motion filed "when the prisoner provides the petition to prison officials for filing," Wischer has failed to verify which date he provided his § 2254 petition to prison officials for filing. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012); (R. 1, Page ID 15). This is of no consequence, however, because his petition is so late that, even if he provided his § 2254 petition to prison officials months before it was actually filed, it would still be untimely.

[6] This is not Wischer's first § 2254 petition, at least numerically. He filed his first numerical § 2254 petition in 2013. (*See* 2:13-cv-182-JMH-JGW). Because this petition was dismissed for failure to exhaust state court remedies and for failing to name the correct respondent, it does not render the § 2254 petition in this case second or successive so that he must satisfy the requirements of 28 U.S.C. § 2244(b)(2) before the Sixth Circuit. *See In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) ("Unlike a procedural default, a mere failure to exhaust state remedies does not result in a dismissal 'on the merits' and does not cause a forfeiture of access to federal habeas review."); *see Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998) (noting "that a dismissal of a first habeas petition for technical procedural reasons" does not bar later habeas review).

> Counsel refused to seek any evidence including interviewing witnesses that would have helped my case. Counsel failed to request a suppression hearing to suppress all evidence seized by officers in violation of the 4th Amendment when they entered my house w/o a warrant or permission. Had counsel received D.N.A. results, the items tested would have came back negative.

(*Id.* at 5). Anticipating a procedural default from his failure to appeal the denial of his state post-conviction motions, he argues that "the procedural bar [be] overlooked pursuant to *Trevino v.* [*Thaler,* 569 U.S. 413 (2013)]. . . ."[7] (*Id.*). The Supreme Court held in that case that

> where, as here, state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in [*Martinez v. Ryan*, 566 U.S. 1 (2012)] applies: "[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Trevino,* 569 U.S. at 429. Wischer also concedes that his § 2254 petition is "time barred." (R. 1, Page ID 13). However, relying again on *Trevino* and *Martinez*, he argues that this Court should overlook his untimeliness "for ineffective assistance of counsel or complete lack of counsel." (*Id.*).

## II. ANALYSIS

### A. Legal Standard

Wischer's § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which allows courts to grant habeas relief only when a state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[7] It is unnecessary to decide whether Wischer procedurally defaulted his claim because the time-bar issue is dispositive.

28 U.S.C. § 2254(d).  This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  The petitioner carries the burden of proof.  *Id.*

    **B.**    **Wischer's § 2254 Petition is Untimely**

Although Wischer concedes that his § 2254 petition is untimely, it is appropriate to explain why it is untimely.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner generally has only one year in which to file a federal petition for writ of habeas corpus.  *See* 28 U.S.C. § 2244(d).  The AEDPA statute of limitations begins to run from the latest of four circumstances:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D).  This one-year period of limitations is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).  "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

As the circumstances here suggest no other time, the limitations period began to run on "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Wischer did not file a direct appeal, his conviction became final thirty days after the January 18, 2013 judgment, *see* RCr 12.04, *i.e.*, February 17, 2013. *See Killebrew v. Brown*, No. 5:12CV-P108-R, 2012 WL 3637691, at *2 (W.D. Ky. Aug. 23, 2012)("In the present case, Killebrew did not file a direct appeal of his conviction. Therefore, the one-year limitations period began to run at 'the expiration of the time for seeking such review.' 28 U.S.C. § 2244(d)(1)(A). Killebrew's conviction became final on May 23, 2008, at the expiration of the thirty-day period for filing an appeal. *See* RCr 12.04.").

It is unknown precisely when Wischer's RCr 11.42 and CR 60.02 state post-conviction motions were filed and decided. However, the Court will operate under the best-case scenario for Wischer. Accordingly, the Court assumes that the motions were "properly filed" immediately after his conviction was finalized so as to toll the limitations period up until the latest date that the state court docket indicates that they were denied—November 12, 2016. Wischer would have had thirty days to appeal, *see* RCr 12.04, *i.e.* until December 12, 2016. *See Gadd v. Smith*, No. 5:17-CV-57-WOB-HAI, 2017 WL 4583717, at *1 (E.D. Ky. Aug. 9, 2017), *report and recommendation adopted*, 2017 WL 4583734 (E.D. Ky. Oct. 13, 2017) ("Under Kentucky law, Petitioner had thirty days to appeal the denial of his RCr 11.42 motion."). His limitations period commenced the next day, December 13, 2016, and expired on December 12, 2017. Accordingly, Wischer's § 2254 petition filed January 15, 2020 was filed over two years too late.

    C.    **Wischer Fails to Excuse the Untimely Filing of his § 2254 Petition**

The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling may be permissible in some circumstances. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (citing *Day*,

547 U.S. at 205). Equitable tolling permits a court to toll the statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). A petitioner bears the burden of showing that he is entitled to equitable tolling by demonstrating that both "some extraordinary circumstance stood in his way and prevented timely filing," and "he has been pursuing his rights diligently." *Holland*, 560 U.S. at 649 (internal citations omitted).

The only argument approaching equitable tolling that Wischer makes is his suggestion that the exception for procedurally defaulted claims announced in *Trevino* and *Martinez* should excuse his untimely § 2255 petition. (R. 1, Page ID 13). However, the "exception does not work to excuse a petition that is time-barred. Rather, the *Martinez* exception merely allows a habeas petitioner to establish cause for a claim of ineffective assistance of trial counsel which has been procedurally defaulted because of ineffective assistance of post-conviction counsel." *Taylor v. Cook*, No. 1:13-CV-220, 2015 WL 1534519, at *3 (E.D. Tenn. Apr. 6, 2015); *see also Cates v. Sexton*, No. 3:13-CV-638-CLC-HBG, 2018 WL 814026, at *1 (E.D. Tenn. Feb. 8, 2018) ("The Court, however, did not dismiss Petitioner's § 2254 petition due to procedural default of the arguments it contained, but rather because the petition was time-barred [Docs. 5 and 6]. Thus, the intervening decisions in *Martinez*, *Trevino*, and [*Sutton v. Carpenter*, 745 F.3d 787, 792 (6th Cir. 2014)] are irrelevant to and do not entitle Petitioner to relief from this dismissal."). Accordingly, Wischer fails to excuse the untimeliness of his § 2254 petition.

### D. Wischer's Letter

Lastly, the Court notes that Wischer recently submitted a letter. (R. 5). It is hard to follow, but it generally appears to question the Court about rules regarding what type and color of writing

utensil is proper for filings and represents recent and planned efforts to prove his innocence. However, none of this is material for disposition of Wischer's § 2254 petition, nor does he request relief. Accordingly, no action on the letter will be taken.

### III. CERTIFICATE OF APPEALABILITY

Wischer is not entitled to a certificate of appealability ("COA"). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings for the United States District Courts, the District Court must issue or deny a COA when it enters a final order adverse to the applicant. A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Wischer's § 2254 petition or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a COA be denied upon the District Court's entry of its final order in this matter.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated, **IT IS RECOMMENDED** that:

1) Wischer's § 2254 Petition (R. 1) **be dismissed;**

2) a certificate of appealability **be denied** by the District Court in conjunction with the Court's entry of its final order in this matter;

3) Judgment in favor of the Respondent **be entered** contemporaneously with the District Court's entry of its final order; and

4) this case **be stricken** from the active docket of this Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (b) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 9th day of March, 2020.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2254PrelimsSOL\20-8-KKC Wischer R&R final.docx